**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RAUL FLORES, ID # 1351852, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-3183-D (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Before the Court is correspondence from the petitioner received October 3, 2013 (doc. 11), that is liberally construed as a motion seeking immediate deportation.[1] Based on the relevant filings, evidence and applicable law, the motion should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Raul Flores (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 11, 2013, challenging his 2006 Dallas County conviction for aggravated sexual assault. (*See* doc. 1). On September 27, 2013, his federal petition was denied with prejudice as barred by the statute of limitations. (doc. 10). In correspondence dated October 3, 2013, he explained the circumstances surrounding his conviction and asked for assistance in being deported immediately. (doc. 11).

---

[1] This correspondence is in Spanish. No statute explicitly permits filings in federal courts in languages other than English. The Northern District of Texas has adopted no local rule permitting the filing of pleadings in Spanish. While one court and the circuit in which it sits do permit filings in Spanish, they must be accompanied by English translations. *See Ramos-Baez v. Bossolo-Lopez*, 240 F.3d 92, 93-94 (1st Cir. 2001); 1st Cir. R. 30.7. Any additional filings in Spanish in this case must be accompanied by an English translation.

## II. DEPORTATION

Federal courts do not have jurisdiction to hear any claim by an alien regarding when deportation proceedings should commence. *Hafiz v. Ashcroft*, 69 Fed. App'x 659, *3 (5th Cir. May 29, 2003) (holding that the decision as to when to commence proceedings is within the INS's (now ICE) discretion and not subject to judicial review), *citing* 8 U.S.C. § 1252(g). In addition, Petitioner is not entitled to be immediately deported because his incarceration has not ended. 8 U.S.C. § 1231 (a)(1)(B)(iii); *see also Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 738 (5th Cir.2005) (no merit to a claim asserted in a § 2241 petition that due process rights were violated because Rosales was not immediately deported after a final order of deportation was obtained because Rosales was still serving a state prison term). Finally, § 1231 does not provide a private right of action to compel removal. *See* 8 U.S.C. § 1231(a)(4)(D) ("No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien."); *see also Martinez-Lopez v. United States*, 254 F.3d 70, *1 (5th Cir. April 23, 2001) (affirming denial of a motion seeking immediate deportation because Martinez-Lopez was still in prison and because there is no private cause of action to compel his removal). The petitioner's motion for immediate deportation should therefore be dismissed for lack of jurisdiction.[2]

## III. RECOMMENDATION

The Court should **DISMISS** the motion for immediate deportation for lack of jurisdiction.

---

[2] It does not appear that the petitioner is attempting to assert any new basis for habeas relief in his filing. To the extent that he is attempting to raise new claims, those claims would be time-barred for the same reasons set forth in the Findings, Conclusions and Recommendation filed on August 14, 2013, which were accepted by the Court on September 27, 2013. (See docs. 8, 9.)

    **SIGNED this 2nd day of December, 2013.**

                                                   IRMA CARRILLO RAMIREZ
                                                   UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                   IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE